# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2016

Lyle W. Cayce
Clerk

No. 14-20721
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD GRAHAM,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-732

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Edward Graham on one count of conspiracy to commit mail fraud and on 31 separate counts of mail fraud. He was sentenced within the applicable guidelines sentencing range to 80 months of imprisonment and a three-year term of supervised release. Graham was also ordered to pay $1,192,382.94 in restitution. He now appeals, challenging the sentence imposed and the restitution order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20721

The conspiracy in this case involved recruiting individuals to be clients of a law firm and then sending those recruited clients to four different chiropractic clinics for treatment in connection with claims being made against automobile insurance policies. The auto accidents were real and staged. The injuries were real, exaggerated, and nonexistent. The recruited clients did receive some treatment at the chiropractic clinics, but much more treatment was billed than was given. The four clinics involved in this conspiracy were the Texas Avenue Chiropractic Clinic, H&E Chiropractic Care, Private Chiropractic Care, and Lindsey Chiropractic Care.

Graham argues that the district court erred in increasing his offense level by 16 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(I) based on a finding that he was responsible for a loss amount in excess of $1,000,000.[1] His argument is based on his contention that he ceased to take part in the conspiracy after the closure of H&E Chiropractic Care and that he therefore should not be held responsible for any loss amount resulting from fraudulent activities at Private Chiropractic Care (the Private Care clinic) and Lindsey Chiropractic Care (the Lindsey clinic). He also argues that the district court failed to determine whether the loss amounts caused by the fraudulent activities at the Private Care and Lindsey clinics were reasonably foreseeable to him such that those loss amounts should have been attributed to him as relevant conduct for purposes of U.S.S.G. § 1B1.3 and § 2B1.1(b)(1). Although he contends that this is a legal issue that should be reviewed de novo because it is a challenge to the district court's method of determining the amount of the loss, the determination of what constitutes relevant conduct for sentencing purposes is a factual finding that we review for clear error. *United States v. Imo*, 739 F.3d

---

[1] Graham was sentenced under the 2014 version of the Sentencing Guidelines.

2

No. 14-20721

226, 240 (5th Cir. 2014); *United States v. Mann*, 493 F.3d 484, 497 (5th Cir. 2007).

There was, as Graham maintains, some trial evidence to support the defense's theory that he did not play any role in the Private Care and Lindsey clinics. However, other trial evidence showed that Graham owned the Texas Avenue Chiropractic Clinic and that clinic equipment he bought in establishing that first clinic was used at all four clinics. There was also evidence that Graham created bills submitted from all four clinics and that he continued to receive checks from the recruiting law firm during the time that the Private Care and Lindsey clinics were operating despite the fact that he was not an employee of the law firm.

We afford great deference to the credibility finding that Graham participated in the fraudulent activities that took place at each of the four chiropractic clinics. *Imo*, 739 F.3d at 240. Given Graham's participation in the continuing scheme at each of the clinics and his role as a leader in the offense, the finding that the loss amount caused by each of the clinics was reasonably foreseeable to Graham was not clearly erroneous. *Id.* Graham does not contest the presentence report's recitation of the amount of bills that were submitted to insurance companies by each of the four clinics or the amounts that were paid as a result of the bills. Given those amounts, the district court did not clearly err in finding that Graham was responsible for an intended or actual loss amount that at least exceeded $1,000,000 and triggered the 16-level enhancement under § 2B1.1(b)(1)(I). *Id.*

Graham cursorily challenges the district court's restitution order. In doing so, he does not state the standard of review, cite the governing law from this circuit, or provide any factual or legal analysis in support of his challenge. Instead, he simply, and incorrectly, states that the district court took the total

No. 14-20721

loss amount and assessed that amount as restitution, and he then relies on his relevant-conduct argument to support his restitution challenge. Graham has failed to meet this court's standards on appellate briefing requirements, and he has thereby waived his challenge to the restitution order. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.